UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Alex V.Y.L.,<br><br>Petitioner,<br><br>v.<br><br>Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*; and Eric Tollefson, *Sheriff of Kandiyohi County*,<br><br>Respondents. | Civ. No. 26-31 (JWB/DJF)<br><br><br><br>**ORDER ON<br>PETITION FOR WRIT OF<br>HABEAS CORPUS** |

Alex V.Y.L., pro se Petitioner.

Ana H. Voss, Esq., and Lucas B. Draisey, Esq., United States Attorney's Office, counsel for federal Respondents.

This case asks whether Respondents may detain a noncitizen under 8 U.S.C. § 1225(b)(2) after previously releasing him from custody under 8 U.S.C. § 1226 and placing him in removal proceedings under 8 U.S.C. § 1229. The answer is no. Because Respondents previously exercised authority to release Petitioner Alex V.Y.L. under § 1226, that statute—not § 1225—governs detention while removal proceedings remain pending.

Respondents' position has already been rejected in this District. *See Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1142–48, 1150–52 (D. Minn. 2025); *Jose J.O.E. v. Bondi*,

797 F. Supp. 3d 957, 968–970 (D. Minn. 2025); *Mayamu K. v. Bondi,* Civ. No. 25-3035 (JWB/LIB), 2025 WL 3641819, at *7–8 (D. Minn. Oct. 20, 2025). Therefore, the petition is granted to the extent that it requests release.

## BACKGROUND

Petitioner is a native and citizen of Ecuador. (*See* Doc. No. 1, Petition ¶¶ 7, 18.) He entered the United States without inspection on or about September 1, 2020. (Doc. No. 6-1, Ex. A.) United States Border Patrol encountered him near Eagle Pass, Texas on December 2, 2021. (Doc. No. 6, Robinson Decl. ¶ 4.) On December 5, 2021, Petitioner was released on his own recognizance. (*Id.* ¶ 5.) He has been living in Minnesota since then. (Petition ¶ 18.) He has a daughter and extended family who also live in Minnesota. (Petition ¶ 21.)

On January 19, 2023, ICE issued Petitioner a Notice to Appear designating him "not then admitted or paroled after inspection by an Immigration Officer" at the time of his entrance. (Doc. No. 6-1, Ex. A.) The Notice placed Petitioner in removal proceedings pursuant to 8 U.S.C. § 1229a, which governs full removal proceedings before an Immigration Judge, and he was ordered to appear before an Immigration Judge on January 4, 2024. (*Id.*) Petitioner alleges that he later received notice that his January 4, 2024 court date was cancelled, and that no further action has been taken by the immigration court regarding his removal. (Petition ¶ 19.)

Petitioner has filed a petition for asylum and an application for a work permit, both of which remain pending. (Petition ¶¶ 19–20.)

Petitioner has one misdemeanor conviction for Careless Driving on his record, for

2

which he was sentenced to 30 days of imprisonment, and which was stayed for one year. (Petition ¶¶ 41–42.) His criminal history therefore does not warrant mandatory custody. *See* 8 U.S.C. §§ 1182(a)(2)(A)(ii)(III), 1226(c).

On December 4, 2025, Respondents apprehended Petitioner as he was outside on a public sidewalk. (Petition ¶ 22.) He is currently detained at the Kandiyohi County Jail. (Petition ¶ 27.) Petitioner filed a petition for habeas relief through next friend on January 5, 2026. (Doc. No. 1.)

## DISCUSSION

### I.  Legal Standard

A writ of habeas corpus may be granted where the petitioner is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). The petitioner bears the burden of establishing unlawful detention by a preponderance of the evidence. *See Aditya W. H. v. Trump*, 782 F. Supp. 3d 691, 703 (D. Minn. 2025) (collecting cases).

Immigration detention, like all civil detention, must rest on an express congressional grant of authority and must bear a reasonable relation to its statutory purpose. *Zadvydas v. Davis*, 533 U.S. 678, 687, 690 (2001) (quoting *Jackson v. Indiana*, 406 U.S. 715, 738 (1972)). Section 2241 confers jurisdiction to determine whether the Executive Branch has statutory authority to detain an individual, including in the immigration context. *See id.* 687–88.

### II.  Analysis

Petitioner challenges only the lawfulness of his detention under federal law. He does not contest any removal order, the conduct of removal proceedings, or the execution

of removal. Therefore, jurisdiction lies under 28 U.S.C. § 2241 to review the legal basis for custody. *See, e.g.*, *Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154–55 (D. Minn. 2025). Because the Petition is not directed at removal, statutory channeling provisions do not apply either. *See Jennings v. Rodriguez*, 138 S. Ct. 830, 841 (2018).

The Immigration and Nationality Act ("INA") distinguishes between inspection, removal proceedings, and detention authority. "Inspection" is the process by which immigration officers determine whether a noncitizen seeking entry at the border or a port of entry may be admitted to the United States. *See* 8 U.S.C. § 1225(a). Section 1225 governs that process and generally requires detention. *Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1149 (D. Minn. 2025).

Section 1226, by contrast, governs detention of noncitizens already present in the United States. *Jennings*, 138 S. Ct. at 846. Detention under § 1226(a) is not mandatory and permits release on bond or recognizance. *Maldonado*, 795 F. Supp. 3d at 1149–50.

Respondents assert that Petitioner is subject to § 1225(b)(2), which mandates detention of certain "applicants for admission" pending removal proceedings. The vast majority of district courts considering that assertion, including this Court, have determined that the text, structure, and function of the INA's detention provisions all indicate that § 1225 does not apply to noncitizens in Petitioner's posture. *See Eliseo A.A. v. Olson*, Civ. No. 25-3381 (JWB/DJF), 2025 WL 2886729 (D. Minn. Oct. 8, 2025); *Mayamu K. v. Bondi*, Civ. No. 25-3035 (JWB/LIB), 2025 WL 3641819 (D. Minn. Oct. 20, 2025); *Khalid B.Q. v. Bondi*, Civ. No. 25-4584 (JWB/DJF), Doc. No. 10 (D. Minn. Dec. 18, 2025); *Xuseen A. v. Bondi*, Civ. No. 25-4514 (JWB/DJF), Doc. No. 16 (D.

4

Minn. Dec. 19, 2025). Respondents' examples of recent orders agreeing with their statutory interpretation do not alter the outcome.

*In re Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), does not alter the result either. That ruling similarly conflicts with the statute's text and structure and, therefore, does not control. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 394 (2024) (stating that only long-standing and consistent agency interpretations merit weight); *see also Belsai D.S. v. Bondi*, Civ. No. 25-3682 (KMM/EMB), 2025 WL 2802947, at *7 n.5 (D. Minn. Oct. 1, 2025).

The analysis here is straightforward. Respondents released Petitioner from custody, placed him in removal proceedings under § 1229a, and allowed him to remain in the community for several years. Nothing in the record suggests Respondents ever revoked that release based on flight risk, danger, changed circumstances, or any other reason.

Section 1225(b)(2) provides no authority to revisit that custody determination later. The Supreme Court has consistently treated §§ 1225 and 1226 as addressing different populations at different procedural moments, not as interchangeable sources of detention authority. *Jennings*, 138 S. Ct. at 836–38. Nothing in § 1225 authorizes Respondents to revive mandatory detention years later by recharacterizing a previously released noncitizen as an applicant for admission. *See, e.g.*, *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 969–70 (D. Minn. 2025). The statute contains no mechanism for that switch. Allowing Respondents to toggle between detention regimes in this way would collapse the statutory structure Congress enacted and render § 1226 largely superfluous.

On this record, Petitioner's continued detention rests on a statute and an interpretation that do not apply and is unlawful. *See Khalid B.Q.*, Civ. No. 25-4584, Doc. No. 10 at 6; *Xuseen A.*, Civ. No. 25-4514, Doc. No. 16 at 7. Thus, he is entitled to a writ of habeas corpus that grants his immediate release subject to the conditions in his original order of release on recognizance. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) (describing release as the "typical remedy" for "unlawful executive detention").

Respondents argue that if Petitioner has been misclassified under § 1225, the proper remedy is a bond hearing under § 1226 rather than release. But a bond hearing presupposes lawful detention authority under § 1226. Where that authority has not been invoked or established, ordering a bond hearing would treat the absence of statutory power as a mere procedural irregularity rather than a substantive defect. Habeas relief requires more because it addresses the lawfulness of custody itself, not the adequacy of procedures that might attend some other, uninvoked challenge to detention. *See Wajda v. United States*, 64 F.3d 385, 389 (8th Cir. 1995). For detention that lacks a lawful predicate, release is an available and appropriate remedy. *Munaf*, 553 U.S. at 693.

Where the record shows Respondents have not identified a valid statutory basis for detention in the first place, the remedy is not to supply one through further proceedings. Because Petitioner has shown Respondents have not invoked a provision of the Immigration and Nationality Act that authorizes his continued detention, the petition for a writ of habeas corpus is granted, and Petitioner's other habeas claims are not reached.

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings in this case,

**IT IS HEREBY ORDERED** that:

1. Petitioner Alex V.Y.L.'s petition for a writ of habeas corpus (Doc. No. 1) is **GRANTED**.

2. Respondents shall immediately release Petitioner from custody, subject to the conditions of his prior release.

3. Respondents shall confirm Petitioner's release within 48 hours from the date of this Order.

4. Respondents may not re-detain Petitioner under a statutory theory this Court has rejected in this proceeding absent materially changed circumstances.

5. Petitioner's other claims are not reached.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: January 9, 2026

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge